**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| MARK LANE BROWN,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>*Defendants*. | ) | Case No. 1:25-cv-162<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Christopher H. Steger |

---

**ORDER**

---

Before the Court are Plaintiff Mark Lane Brown's objections (Doc. 13) to Magistrate Judge Steger's report and recommendations regarding his complaint (Doc. 2) and Brown's request for appointed counsel (Doc. 13). For the following reasons, the Court **OVERRULES** Brown's objections and **ADOPTS** Magistrate Judge Steger's well-reasoned report and recommendations (Doc. 9). The Court further **DENIES** Brown's request for appointment of counsel (Doc. 13).

Brown filed his complaint in this action on May 15, 2025, as well as a motion to proceed in forma pauperis. (Docs. 1, 2.) Pursuant to 28 U.S.C. § 1915(e), Magistrate Judge Steger screened Brown's complaint to determine whether this action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. On July 17, 2026, Magistrate Judge Steger filed his report and recommendation (Doc. 9), finding that Brown's complaint failed to comply with Federal Rule of Civil Procedure 8(a)'s requirement that the complaint "contain a short and plain statement of the

claim showing that the pleader is entitled to relief." As a result, Magistrate Judge Steger recommended that this action be dismissed without prejudice. (*Id.*)

On July 31, 2026, Brown filed an emergency motion for extension of time, appointment of counsel, and leave to file an amended complaint. (Doc. 10.) In this motion, Brown represents, among other things, that: (1) he suffers from "significant disabilities that materially impair his ability to research complicated legal issues, organize the record, and prepare legally sufficient objections within the remaining time"; (2) he sought "an opportunity to correct any curable deficiencies and present his factual allegations clearly"; and (3) he sought "an opportunity to amend his complaint to identify, to the extent presently known, the responsible USDA employees; the dates and substance of relevant communications; the allegedly false statements; the officials who received or relied upon them; the adverse USDA action; and facts supporting a causal connection." (*Id.*, at 3–4.)

On August 5, 2026, the Court granted Brown's motion to the extent he sought additional time to object to the report and recommendation. The Court, however, denied Brown's request for appointment of counsel and denied his motion to amend his complaint. (Doc. 12.) Despite denying his motion for leave to amend, the Court granted Brown leave to file a renewed motion for leave to amend his complaint in conjunction with any objections he had to Magistrate Judge Steger's report and recommendation. (*Id.*) In its order, the Court specifically instructed that, if Brown filed a subsequent motion for leave to amend his complaint, he was required to "(1) attach a proposed amended complaint to the motion and (2) adequately explain why his proposed amended complaint complies with any applicable Federal Rules of Civil Procedure" on or before August 21, 2026. (*Id.*)

On August 21, 2026, Brown filed objections to the report and recommendation, and, again, requested that the Court appoint him counsel. (Doc. 13). Brown also requested leave to file an amended complaint after appointment of counsel but did not follow the Court's directive to attach a proposed amended complaint or explain why such proposed amended complaint complied with any applicable Federal Rules of Civil Procedure. (*See generally id.*)

The Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the arguments asserted in Brown's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Id.* "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.* The Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory

objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

Although Brown has objected to Magistrate Judge Steger's report and recommendation, his objection fails to clarify his allegations or specify how his allegations state a claim for relief. (*See generally* Doc. 13.) Additionally, the Court's independent review of Brown's complaint and Magistrate Judge Steger's report and recommendation confirms that the background set forth in the report and recommendation, including the summary of Brown's allegations, is accurate. Accordingly, for the purposes of reviewing Brown's objections to Magistrate Judge Steger's report and recommendation, the Court **ADOPTS BY REFERENCE** the factual and procedural background set forth in the report and recommendation (Doc. 9).

Additionally, Brown's objections fail to include specific objections. Rather, the only sentence in the document the Court can reasonably construe as an objection is that "Plaintiff respectfully objects to the Report and Recommendation issued by Magistrate Judge Steger." (Doc. 13, at 3.) Therefore, the objections are "not sufficient to alert the court to alleged errors on the part of the magistrate judge." *See VanDiver*, 304 F. Supp. 2d at 937. Brown's objection devotes significant time to explaining the need for accommodation because of his disabilities, the need for appointment of counsel, and general accommodation requests, but completely fails to show how the allegations in his complaint state a claim for relief. (Doc. 13, at 6.) After independently reviewing Brown's complaint, the record, and the report and recommendation, the Court agrees with Magistrate Judge Steger's well-reasoned conclusions and his stated reasons for recommending dismissal of Brown's claims.

To the extent Brown requests that the Court appoint him counsel, that request is also denied. Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–6 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–6.
When determining whether to appoint counsel for an indigent plaintiff, courts should consider (1) the nature of the case, (2) whether the issues are legally or factually complex, and (3) the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–6.

In this case, although Brown represents that he will have difficulty presenting his claims to the Court, the remaining factors militate against appointing counsel. Brown's claims appear to arise out of his dealings with United States Department of Agriculture officials and their decisions regarding Brown personally or through Brown's role in various businesses. The legal and factual complexity of those claims, however, is impossible to ascertain because of the deficiencies in the complaint described above. And, while Brown requests counsel because of cognitive impairments resulting from traumatic brain injury and the lack of financial resources necessary to retain private counsel (Doc. 13), Brown also stated that "[e]xhaustive search for counsel was made and [he] hope[d] to add one when possible." (Doc. 2, at 4.) On the whole, the relevant factors do not weigh in favor of appointing counsel in this case. Accordingly, Brown's request for appointment of counsel will be **DENIED**.

For the reasons stated herein, the Court hereby: (1) **ACCEPTS** and **ADOPTS** Magistrate Judge Steger's report and recommendation (Doc. 9) pursuant to 28 U.S.C. § 636(b)(1); (2) **OVERRULES** Brown's objections to Magistrate Judge Steger's report and recommendation; (3) **DENIES** Brown's request for appointment of counsel; and (4) **ORDERS** that this action be **DISMISSED WITHOUT PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER**.

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**